UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No.  18-cr-20461

vs.        Honorable Denise Page Hood

D-1 Joshua Burns,

        Defendant.

**Unopposed Application for Entry of
Preliminary Order of Forfeiture**

The United States of America, by and through its undersigned attorneys, applies to this Court for entry of a Preliminary Order of Forfeiture in this matter with respect to Defendant Joshua Burns, and in support of this Application states the following:

1.    On June 28, 2018, an Information was filed against the Defendant in the United States District Court for the Eastern District of Michigan, which charged him in Count One with Conspiracy to Defraud the United States and Pay and Receive Kickbacks, in violation of 18 U.S.C. § 371. (ECF No. 1).

2. The Information contains forfeiture allegations providing notice to Defendant that, upon conviction the Defendant shall forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to commission of the offense. The allegations further provide notice to Defendant that, upon conviction, the Defendant shall forfeit, pursuant to and Title 18, United States Code, Section 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to commission of the offense.

3. On or about October 11, 2018, Defendant entered into a Rule 11 Plea Agreement (Rule 11), in which he agreed to enter a plea of guilty to Count One of the Information, Conspiracy to Defraud the United States and Pay and Receive Kickbacks, in violation of 18 U.S.C. § 371. (ECF No. 11).

4. In his Rule 11 Defendant agreed, pursuant to 18 U.S.C. § 982(a)(7) and § 981(a)(1)(C), and 28 U.S.C. § 2461(c), to forfeit his interest in all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's

conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, as charged in Count One of the Information.

5. Defendant further agreed to forfeit all funds subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in, or traceable to property involved in, Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and/or 18 U.S.C. § 1957.

6. Defendant further agreed to the entry of a forfeiture money judgment in the amount of $144,000.00, representing the total value of the property subject to forfeiture for Defendant's violation of Count One of the Information, to the extent such value is not satisfied by the specific forfeiture set forth above.

7. Defendant further agreed that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, Defendant explicitly agreed to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waived and relinquished his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

8. Defendant further agreed to the entry of one or more orders of forfeiture of the assets enumerated in the Forfeiture section of his Rule 11, and the above-referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, upon application by the United States, at or any time before his sentencing in this case, as mandated by Federal Rule of Criminal Procedure 32.2. Defendant agreed to sign such an order, indicating he consents to its entry, if requested to do so by the Government.

9. Defendant further agreed that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under his Rule 11 Plea Agreement to the United States, and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

10. Defendant further agreed to abandon his interest in all funds that may be subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in, or traceable to property involved

in, Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and/or 18 U.S.C. § 1957.

11. Defendant acknowledged that he understood that the forfeiture of assets is part of the sentence that may be imposed in this case, and waived any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), or otherwise, at the time his guilty plea was accepted.

12. In entering into his Rule 11 with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waived any Double Jeopardy challenge, or any other challenge to the above-described forfeiture based on the Excessive Fines Clause of the United States Constitution.

13. Defendant also agreed that he shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in the property that Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to

his knowledge have accumulated as a result of illegal activities. Such assistance will include agreement by Defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, of any interest in the above-described forfeiture. Such assistance will further involve an agreement by Defendant to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as subject to forfeiture, disgorgement, transfer, or surrender.

  14. Defendant also agreed to identify all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years. He will identify all assets in which he has or had during that time any financial interest and will provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agreed to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the Defendant. He also agreed to undergo any polygraph examination the Government may choose to

6

administer concerning such assets, and to provide and/or consent to the release of his tax returns for the previous five years.

15. <u>Non-Abatement of Criminal Forfeiture</u>: Defendant agreed the forfeiture provisions of his Rule 11 Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of the Rule 11. The forfeiture of ay property pursuant to the Rule 11 shall be determined as if the Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns, until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

16. The government now seeks the entry of a Preliminary Order of Forfeiture ordering that the Subject Property be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(7) and § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

17. With regard to the entry of a Preliminary Order of Forfeiture, Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in pertinent part, that "as soon as practical after . . . a plea of guilty . . . is accepted, on any count in an indictment or information regarding

which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."

19. Federal Rule of Criminal Procedure 32.2(b)(1)(B) provides, in part, that "[t]he court's determination may be based on evidence already in the record . . ." The rule also provides for the prompt entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed.R.Crim.P. 32.2(b)(2).

19. Defendant is scheduled to be sentenced on November 2, 2021. Therefore, it is appropriate for the Court to enter a Preliminary Order of Forfeiture regarding the above-described forfeiture at this time.

20. Counsel for the United States contacted Defendant's attorney, Ryan H. Machasic, to confirm that Defendant has no objection to the entry of the proposed Preliminary Order of Forfeiture. Attorney Machasic indicated that there was no objection to the entry of the proposed Preliminary Order of Forfeiture.

21. Any claims by any third parties with respect to any property subsequently seized and forfeited to satisfy the forfeiture money judgment will be resolved under the procedures set forth in 21 U.S.C. § 853.

Based upon the foregoing and the record in this case, the United States respectfully requests this Court to enter the proposed Preliminary Order of Forfeiture.

    Respectfully submitted,

    Saima S. Mohsin
    Acting United States Attorney

    s/Shankar Ramamurthy
    SHANKAR RAMAMURTHY
    U.S. Department of Justice
    Criminal Division
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226-3211
    (313) 226-9616
    Shankar.Ramamurthy@CRM.USDOJ.GOV

Dated: October 29, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, the above pleading was electronically filed with the Court via the ECF system, which will send notification of such filing to all ECF filers.

                                s/Shankar Ramamurthy
                                SHANKAR RAMAMURTHY
                                U.S. Department of Justice
                                Criminal Division
                                211 W. Fort Street, Suite 2001
                                Detroit, MI  48226-3211
                                (313) 226-9616
                                Shankar.Ramamurthy@CRM.USDOJ.GOV